THE COURT was of opinion, that the bond, on which JUNE 1820. the action was brought, could not be made to embrace any other judgment than the one it recited; and as the judgment admitted by the case stated to have been obtained by the appellant against *Davis*, was rendered at *April* term 1801, of the general court, and the one recited in the bond is of *September* term 1801, they thought the judgment below ought to be affirmed.

*Kennedy*
*vs.*
*Fowke*

JUDGMENT AFFIRMED.

---

COURT OF APPEALS, JUNE TERM, 1820.

KENNEDY *vs.* FOWKE.

APPEAL from *Charles* county court. It was an action of replevin, and the defendant, in the court below, (the present appellee,) avowed the taking the property as a distress for two years rent in arrear, for a store house and premises. The plaintiff pleaded to the avowry, no rent in arrear, upon which issue was joined. At the trial, the avowant gave evidence, that a written paper, or agreement, for renting the premises in the avowry stated, was sent and submitted to the avowant by the plaintiff, assented to by the avowant, and returned and left in the desk of the plaintiff in his store; and she then offered to prove the contents of said paper. The plaintiff objected to the admissibility of the evidence, and to the contents of the said paper being proved, as no notice had been given to the plaintiff to produce it. But the court, [*Gantt*, Ch. J.] overruled the objection, and allowed the evidence to be given to the jury. The plaintiff excepted; and the verdict and judgment being for the avowant, the plaintiff appealed to this court.

*Proof cannot be given of the contents of a paper in the possession of the opposite party, unless notice has been given to him to produce it.*

*Chapman*, for the appellant, cited *Peake's Evid.* 8, and *Lofft's Gilb.*

*C. Dorsey*, for the appellee.

THE COURT OF APPEALS reversed the judgment of the county court, and awarded a *procedendo*.