registry cannot affect subsequent purchasers and mortgagees with notice.

I do not think it possible to maintain, successfully, that a copy from the record of the mortgage to Johns would be admissible evidence, and, therefore, I am of opinion that the registry of it is not to be held as affecting Scott with constructive notice; and as there is no pretence or intimation anywhere that he had actual notice, his mortgage having been duly executed, acknowledged, and recorded, is entitled to priority of payment, should the proceeds of the sale of the premises prove insufficient to satisfy both mortgages.

The Chancellor will sign a decree for the foreclosure and sale of the mortgaged premises, first, to pay the mortgage debt of Mr. Scott, and reserving to the complainant, Mr. Johns, the right to come in upon the surplus proceeds of sale, when the difficulty in regard to the omission to make the wife of the mortgagor a party to his bill is removed by amendment or agreement, and reserving also the question of his right under his mortgage to be paid out of that portion of the mortgaged premises which belonged to the wife of the mortgagor, the Court not meaning now to decide that the mortgage, though defectively acknowledged, can, in equity, be supported as a contract against her.

JAMES L. BARTOL and CHARLES H. PITTS, for Johns.
ALBERT CONSTABLE, for Scott.

[An appeal was taken in this case, which is still pending.]

---

WILLIAM ROBERTSON, Exr. of
THOMAS ROBERTSON, Deceased,
vs.
ISAAC PARKS, AND OTHERS.
} DECEMBER TERM, 1850.

[CHANCERY PRACTICE—CREDITOR'S BILL—EVIDENCE—SET-OFF.]

THE fact that a defendant dies, after answering, leaving minor heirs, who are then made parties to the suit, does not and cannot vary the effect of

the answer, and the complainant may avail himself of it at the hearing, to the same extent as if no such death had occurred.

Where a creditor's bill, besides the averments of the indebtedness of the deceased debtor, and that he left no personal estate, alleges that no letters of administration had been granted thereon, the admission of this allegation in the answer dispenses with the necessity of producing the proof that would be otherwise required.

A debtor being entitled to the remainder in certain real estate, after the determination of a life estate of his mother therein, died during the lifetime of his mother; HELD—that his interest in this land could be sold for the payment of his debts, the personalty proving insufficient.

The Act of 1785, ch. 72, which authorizes the real estate of a deceased debtor to be sold to pay his debts, when the personalty is insufficient, does not require that such debtor should die *seized* of the real estate proposed to be sold; the words of the Act are, if he "shall *leave real estate* which descends," &c.

A creditor's bill, after averring that the deceased debtor was in his lifetime seized of certain real estate, devised to him by his father, subject to a life estate of his mother therein, and that he died before his mother, leaving no personal property, alleged that the complainant is entitled to have his debt paid out of the real estate of the debtor in the hands of his heirs, or to which he may be entitled in remainder, as aforesaid; HELD—that this allegation was sufficient to entitle the complainant to a decree for the sale of such real estate.

The intervention of a freehold estate, between the possession and the remainder, prevents the owner of the latter from being seized, and, in the case of real estate, claimed by descent, would prevent the remainder-man from becoming the stock of inheritance, though not if acquired by purchase.

Where a deed has been traced into the hands of the complainant, the defendant cannot offer parol evidence of its contents, without first giving notice to the complainant to produce it.

A joint claim against the complainant and another cannot be set off against a debt due to the complainant individually.

The rule at law and in equity is the same, that the right of set-off must be reciprocal, and that mutual claims and such as are in the same right, can alone be set-off.

---

[The bill in this case was filed by Thomas Robertson, on the 11th of August, 1846, for the sale of the real estate of Edward Parks, deceased, for the purpose of paying his debts. The allegations of the bill and answers, with all the facts of the case, are sufficiently stated in the opinion of the Chancellor. The original defendants to the bill were the brothers and sisters of the deceased, all of whom were adults, and some

non-residents. After answer by the resident defendants, and publication of notice against the non-residents, one of the sisters, who, with her husband, had answered the bill, died, leaving minor children. The case was revived, and these minors made parties, and answered by guardian that they could not admit any of the facts stated in the bill. The original complainant having died before the hearing of the cause, the present complainant, his executor, was admitted to prosecute the suit in his stead. At the hearing of the cause, the following opinion was delivered by the Chancellor :]

THE CHANCELLOR:

This case, which originated on the equity side of Somerset County Court, has been argued by the solicitors of the parties, and submitted by agreement for the decision of this Court, upon the pleadings and proofs.

It is a creditor's bill, and it is not disputed that the claims of the suing creditor, and the inadequacy of the personal estate of the deceased debtor to pay his debts, are sufficiently shown by the admissions of the answer of the original defendants, all of whom were adult, and competent to bind themselves by such admissions at the time the answer was filed.

The circumstance, that one of the original defendants died after answering, leaving minor heirs, does not and cannot vary the effect of the answer, of which the complainant may now avail himself to the same extent as if no such death had occurred.

In addition to the averment of this indebtedness of Edward Parks to the complainant, and that said Parks left no personal estate, the bill alleges that no letters of administration have been granted thereon, and this averment also is admitted by the answer, and dispenses, as I think, with the necessity of producing this proof, which would otherwise be required; and therefore the complainant would be clearly entitled to a decree for the sale of the real estate, unless some of the grounds of objection set up in the answer, and relied upon in the argument, are valid.

The first objection has reference to the frame of the bill, to which an exception has been filed. The exception is, that the

complainant is not entitled to the relief he prays for, because "he does not allege in his bill, or prove by the evidence, that Edward Parks died seized of any lands or real estate in Somerset county, or elsewhere."

This objection rests upon the assumption that a creditor's bill cannot be sustained when the personal estate of the debtor is not sufficient to pay his debts, for the sale of his real estate, unless it appears by the pleadings and proofs that the debtor was actually and in deed seized of the land sought to be sold.

If this objection is a good one, it would follow, as a necessary consequence, that the creditors of a person owning the remainder or reversion expectant upon the determination of a freehold estate, which person dies during the continuance of the particular estate, could have no recourse to the estate held in remainder or reversion, because, under such circumstances, the party entitled in remainder or reversion could not be said to be seized.

The intervention of the estate of freehold, between the possession and remainder, prevents the owner of the latter from being seized, and, in the case of real estate claimed by descent, would prevent the remainder-man from becoming the stock of inheritance: the rule of the common law being, that the ancestor from whom the inheritance was taken by descent, must have had actual seizin or seizin in deed, and that the intervention of an estate of freehold prevents such seizin.  4 *Kent's Com.*, 385, *et seq.*

When, to be sure, the estate is acquired by purchase, the ancestor may transmit it to his heirs without having had actual seizin; but still, if the objection now under consideration is a good one, such estate would not be answerable for the debts of the ancestor, because he could not be said to have died *seized* of the land.

The bill in this case alleges that Edward Parks, the deceased debtor, "was in his lifetime seized of certain real estate, situate in Somerset county, devised to him by his father, William Parks, subject to the life estate therein devised to his mother, Sally Parks," as appears by a copy of the will, which is ex-

hibited with the bill. "That Edward Parks died in the year 1845 intestate, &c., and that Sally Parks, the devisee for life, is still living," and it appears by the evidence that she lived until the year 1848, when she also died.

It is, therefore, quite clear, upon the showing of the bill, that not only Edward Parks did not die seized of the land devised to him by his father, but that he was not actually and in deed seized of it in his lifetime, the intervention of the life estate in the mother preventing it. But, it does not on this account follow, by any means, that it is not liable to be sold for the satisfaction of the claims of his creditors. The Act of Assembly, which authorizes proceedings in chancery to sell the real estate of a deceased debtor, who dies without leaving personal estate sufficient to discharge his or her debts, does not make it necessary that such debtor should have died *seized* of the real estate proposed to be sold. The language of the fifth section of the Act of 1785, ch. 72, is, "that if any person hath died or shall hereafter die without leaving personal estate sufficient to discharge the debts by him or her due, and shall *leave real estate*, which descends," &c.

Not that such debtor shall die seized of real estate, but that he or she shall die leaving real estate, or having title to real estate, which may be sold for the payment of the claims of the creditors, if the personalty be insufficient.

Now the bill in this case, after making the averment before recited, and after averring that the deceased, Edward Parks, left no personal estate from which his debts could be paid, alleges that the complainant is entitled to have his claims paid out of the real estate of the said Edward Parks in the hands of his heirs, or to which he may be entitled in remainder as aforesaid.

This allegation, I think, is quite sufficient to entitle the complainant to a decree for the sale of such real estate. It amounts substantially to an allegation that at the time of the death of Edward Parks, he was the owner of the remainder devised him by his father, after the determination of the life estate of the mother. Not that he was *seized* of such

remainder, for that could not be, the mother being then living, and an allegation that he was seized would have been untrue in point of fact.     The complainant then having, in my opinion, made by his bill a case entitling him to the aid of this Court, and all the allegations of the bill being admitted by the defendants who have answered, and to be taken as confessed by the non-resident defendants, against whom an order of publication passed and has been duly published, it remains to be seen whether there is anything in the matters in avoidance set up in the answer which can be successfully relied upon.

These matters are, first, that Edward Parks, in the year 1841, executed a good and valid conveyance of the land in question to his brother, Whittington Parks, for a valuable consideration, and hence it is insisted that Edward has no title to that portion of said land, which descended to him as one of the heirs of his said brother.   This deed was not recorded, is not produced, and is stated in the answer to have passed, upon the death of Whittington, into the hands of the complainant, Thomas Robertson, and by the evidence it appears to have been executed and delivered to Whittington Parks, in the year 1839, and not in 1841, as stated in the answer. The defendants, supposing they had laid a sufficient foundation for the purpose, have offered parol-evidence to prove the contents of this deed. This evidence is excepted to by the complainant, and, in my judgment, it is quite clear that the exception is well taken, and the evidence must be excluded.   The deed, as appears by the answer, passed upon the death of Whittington Parks into the hands of the complainant, Thomas Robertson, and must be presumed to be in the hands of the present complainant, his executor, and, according to the well-established rule upon the subject, evidence of the contents of the deed cannot be offered without giving notice to the complainant to produce it.   *Kennedy* vs. *Fowke,* 5 *H. & J.,* 63.   No such notice has been given in this case, and, therefore, without stopping to examine into the sufficiency of the evidence, if admissible, to prove the contents of the deed, I deem it enough to say that it is wholly inadmissible.

The other ground of defence taken in the answer does not call in question the right of the complainant to a decree, but seeks to reduce the amount of his claim by proving a set-off of fifty dollars, which the respondents say was due Edward Parks from Thomas Robertson, on account, at the time of the death of Edward. Perhaps it might be difficult to establish this claim upon the proof offered in its support, but as I do not think it could be used as an offset, even if clearly proved, it is not material to discuss the evidence. The claim, if there be one, is a joint claim against Thomas Robertson and Alexander Robertson, the witness, whilst the debts now sought to be recovered are debts due the former individual only, and as the rule at law and in equity is the same, that the right of set-off must be reciprocal, and that mutual claims and such as are in the same right can alone be set-off, it follows that this claim of Edward Parks, if the proof shows the existence of such claim, being against two parties, cannot be set-off against the individual claim of one of those parties, for the want of that mutuality which the rule requires. *Hall* vs. *Creswell,* 12 *G & J.,* 36.

My opinion, then, is, that the complainant is entitled to a decree, which his solicitor may prepare, appointing a trustee to make sale of the property, and containing a notice to the creditors of Edward Parks to file their claims in the chancery office, as is usual in creditors' bills.

J. W. CRISFIELD, for Complainant.
JOHN H. DONE, for the Defendants.